ANN ELIZA HUNTER, RESPONDENT, *v.* EDGAR HATFIELD, MARY JANE HATFIELD AND OTHERS, APPELLANTS.

*Lunatic — Court may appoint committee or guardian ad litem for, ex parte and without issuing a commission.*

The Supreme Court has power by an *ex parte* order made on the petition of a near relative, in an action pending therein, to appoint a committee or guardian for the purpose of such action of a person of unsound mind, where such unsoundness of mind is shown by affidavit, and although no commission *de lunatico inquirendo* has issued, and upon proof that the lunacy does not exist, to vacate the order appointing him.

APPEAL from an order made at Special Term, setting aside and vacating an order appointing Odle Close guardian *ad litem* for Emily Hatfield, one of the defendants in the above-entitled action.

*Close & Robertson*, for the appellant.

*I. T. Williams*, for the respondent.

BARNARD, P. J.:

It was within the power of the Supreme Court to appoint a guardian for an idiot or a lunatic defendant, upon application made to it for that purpose. If a lunatic be sued he must have a committee assigned to him to defend the suit. (*Sackville* v. *Ayleworth*, 1 Vern. Rep., 105.) "So if a person, who is in the condition of an idiot or lunatic, though not found such by inquisition, is made a defendant, the Court of Chancery, upon proper information of his incapacity, will direct a guardian to be appointed." (3 Bacon Ab. [vol. 3], page 542; Mitford's Eq. Pleadings, 95.)

The granting of a commission is in the discretion of the court, and is not in all cases to be granted. (*Ex parte Tomlinson,* 1 Vesey & Beames, 58.) "One through great age being deprived of his memory and become almost *non compos mentis* was admitted to answer by his guardian in regard to the demand in question, which was but small, but had the value been considerable the regular way had been to have taken out a commission of lunacy and have gotten a committee assigned." Lord Chancellor TALBOT (3 Peere Williams' Rep., 111, note B.):

"When the lunatic's fortune is small, references to the master in the first instance have been ordered to ascertain what is proper to be allowed the lunatic for maintenance, to avoid the expense of a commission." (Petersdorf Abridg. [vol. 12], page 394.) Our Court of Chancery was clothed by statute with the care and custody of all idiots and lunatics. (2 R. S., 52, § 1.)

Such power is now vested in the Supreme Court. The court, at Special Term, therefore properly appointed a committee or guardian for the purpose of the action upon the petition of a near relative of the lunatic. It was also proper for the court to vacate the order on being advised either that the fact of lunacy did not exist, or that the guardian appointed was not a proper person to be such guardian. This application may be made by any person in the interest of the alleged lunatic, as well by the plaintiff in the action as another.

Upon the hearing of the motion, two facts were apparent, rendering a removal of the guardian proper: He was not in a position to be appointed; he had, as attorney for one of the defendants, an antagonistic position to the lunatic in the suit. In the second place, both parties used the affidavit of the lunatic on the motion. These affidavits disclose no necessity for the appointment of a guardian. They show vacillation but not legal incapacity. She is entirely competent to employ an attorney if she wishes to do so. The court properly vacated the order.

Order affirmed with costs and disbursements.

GILBERT, J., concurred, DYKMAN, J., not acting.

Order vacating order appointing guardian affirmed, with costs and disbursements.